UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**THOMAS EDWARD BURKE, Jr.**                                                          **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 1:17-CV-P57-GNS**

**PEOPLE OF THE STATE OF KENTUCKY et al.**                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Thomas Edward Burke, Jr., proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate housed at the Kentucky State Penitentiary (KSP). In 2004, the Warren Circuit Court entered a judgment of conviction on a plea agreement of three counts of first-degree sodomy and sentenced Plaintiff to 27 years in prison. Plaintiff names as Defendants: People of the State of Kentucky; the Commonwealth of Kentucky; attorney Eric R. Clark; Bowling Green, Kentucky, police officer Barry Raley; social worker Marilyn Griffin; and Shannon Burke, Sandra Romines, and Carlos Romines, who Plaintiff identifies as witnesses in his state-court criminal proceedings.

First, Plaintiff alleges that the City of Bowling Green has violated provisions of the act under which it was incorporated and that the "Defendant Corporation the city of Bowling is now therefore . . . dissolved." He alleges that his "contract (plea agreement) is void in violation of the Plaintiff's constitutional rights because tainted statements were put before the grand jury." He

alleges that perjury occurred during his state-court criminal proceeding in violation of various sections of the federal criminal code, Title 18 of the U.S. Code. In particular, he cites to 18 U.S.C. §§ 1001, 1031, 1622, and 1919. He states that he is entitled to recover from the City of Bowling Green the amount of $300,000 in damages.

Within his complaint, Plaintiff appears to have copied motions filed in state court related to his 2004 state-court conviction. In those motions, he argues that statements he made in Defendant Raley's patrol car were inadmissible at trial. He complains that his trial counsel, Defendant Clark, was ineffective. He further argues that his wife has recanted her statement that Plaintiff sexually abused his children.

As relief, Plaintiff asks for compensatory and punitive damages and injunctive relief of "stopping the wrongfull imprisonment."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Plaintiff's declaration that the City of Bowling Green is dissolved***

Plaintiff alleges that the City of Bowling Green violated the provisions of the act under which it was incorporated. Therefore, according to Plaintiff, the City of Bowling Green "has forfeited its charter and has become liable to be dissolved by the abuse of its power." Plaintiff offers no authority authorizing him to declare the City of Bowling Green's charter to be dissolved, and, of course, he has no such authority. The Court will not consider this assertion further.

***Criminal statutes***

Plaintiff's citations to Title 18 of the United States Code are to no avail. That title of the U.S. Code contains criminal statutes, and there is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974). Therefore, any violation of sections of the federal criminal code does not give rise to an independent, private cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997); *see also Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (per curiam) (stating that "there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001"). Consequently, Plaintiff has failed to state a claim for which relief can be granted regarding these allegations.

*Claims related to his conviction*

Claims related to Plaintiff's conviction and his request for release from imprisonment must be brought in a petition for writ of habeas corpus, not in the instant § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Additionally, Plaintiff now has pending a 28 U.S.C. § 2254 petition in this Court. *Burke v. People of the State of Kentucky et al.*, No. 1:17-CV-P138-GNS. These claims will be dismissed without prejudice.

*Remaining claims*

To the extent Plaintiff seeks relief under § 1983 for alleged violations of constitutional rights relating to his trial and conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* unless and until his criminal conviction has been invalidated. The determination that these claims are barred by *Heck* requires this Court to dismiss them for failure to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

Additionally, to the extent that any of Plaintiff's claims can be construed as a § 1983 claim which is not barred by *Heck*, any such claim is barred by the statute of limitations. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue on its own if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

All of Plaintiff's allegations concern events in and surrounding his state-court criminal case which ended in his conviction in 2004, well over ten years before filing the instant action. Therefore, any § 1983 claims are barred by the statute of limitations and must be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: August 14, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.009